Brown v. Attwood.

# BROWN vs. ATTWOOD & al. & trustee.

Where *S.* sold a vessel to *A.*, who promised, in consideration thereof, to pay *B.* a debt due from *S.* to him ; upon which promise *B.* brought his action against *A* ; it was held sufficient for the plaintiff to set forth so much of the promise as enured to his own benefit ; and that proof of other and further particulars of the contract did not affect the action.

It was also held that such promise was good, though not in writing ; for it was a promise to pay *A.'s* own debt, though it enures to the benefit of *B.*

It was also held that *S.* was a competent witness for the plaintiff, his interest being equally balanced.

Where judgment was rendered in the court below on a verdict for the plaintiff, from which the defendant appealed, and in this court a verdict was again returned for the plaintiff, but for a lesser sum than before ; and the judgment here was delayed by the defendant's motion for a new trial, till the interest on the verdict increased the amount of the judgment to a larger sum than it was rendered for in the court below ;—yet it was held that the defendant was entitled to his costs since the appeal, under *Stat.* 1826, *ch.* 347, *sec.* 4, he having obtained a reduction of the damages by his appeal.

Where a trustee was summoned to appear out of his county, and made his disclosure before a magistrate of his own county, charging himself as trustee of the goods of the principal, which disclosure was transmitted to the court, without his personal attendance ;—it was held that the only costs he was entitled to retain, out of the effects in his hands, under *Stat.* 1828, *ch.* 382, were his constructive travel of forty miles, three days' attendance, an attorney's fee, and the fee paid to the magistrate before whom the disclosure was made.

In this case, which was *assumpsit*, tried before the Chief Justice, the questions reserved for the consideration of the court arose upon the third count, which was in these words :—

"Also for that one *David Spear*, at said *Portland*, on the seventeenth day of *July*, A. D. 1828, being indebted to the plaintiff in the just sum of six hundred and eighty-nine dollars and twenty-one cents, for the duck and cordage, for the sails and rigging of a certain schooner called the *Morning Star* ; said *Spear*, for the purpose of paying said debt, among other things, sold and conveyed said vessel to the defendants ; in consideration whereof, said *Attwood & Gould* promised to pay said debt so due from said *Spear*

to the plaintiff, when said vessel should be sold. And the plaintiff avers that said vessel has been sold for one thousand dollars."

In support of this count the plaintiff read a bill of sale from *David Spear* to the defendants, corresponding to the description given in the count ; being absolute in its terms. But it appeared in evidence that there was a condition, so far as respected the amount of the consideration ultimately to be allowed for the vessel ; by which, this amount was to depend on the sum for which they should afterwards sell her.

The counsel for the defendants contended that the bill of sale did not support the declaration, when taken in connexion with the above facts proved ; and they also contended that the promise declared on was void by the statute of frauds, not being in writing.

*David Spear* was offered by the plaintiff as a witness to prove the promise alleged ; and though objected to as interested, in consequence of the situation in which he stood as stated in the count ; yet he was admitted on the ground that it was of no importance to the witness, in legal contemplation, whether the present action was maintained or not. If maintained, then the sum sued for, would extinguish the debt due from him to *Brown ;*—if not maintained, then he could recover from *Attwood & Gould*, the amount sued for in this action ; which would then belong to the witness, as a part of the price of the vessel conveyed to them ; and that, of course, his interest was balanced. Being admitted, he testified, among other facts not relating to the points reserved, that the cordage in question was originally sold to him by the plaintiff in or about *June,* 1828, on a credit of six months ; and that in *July* following he conveyed the schooner to the defendants, upon their promise to pay for the cordage. She was to run a while and then be sold by them ; and if for any thing more than $2000, he expected to have a part of it ; but the defendants were to pay only at the rate at which she was sold. He further testified that he was indebted to the defendants, in about $4000, and that it was agreed by them, at the time of the conveyance, that they should pay for the cordage to *Brown*, who was not present, and that the witness refused to make the con-

veyance except on those terms. The debt due from *Spear* to the plaintiff had not been discharged.

A verdict was returned for the plaintiff. And if the witness was properly admitted, and the declaration was supported by the evidence, and the promise was not within the statute of frauds, judgment was to be rendered on the verdict.

*Daveis* and *Deblois*, for the defendant, contended, *first*, that the count was not supported by the evidence ; the plaintiff having declared on an absolute sale, and proved a conditional one. 4 *Barnw. & Ald.* 392 ; *Clark v. Gray*, 6 *East* 564 ; *Roscoe on Evid.* 33 ; *Churchill v. Wilkins*, 1 *D. & E.* 447 ; *Colt v. Root*, 17 *Mass.* 234 ; *Stanwood v. Scovel*, 4 *Pick.* 422 ; *Baylies v. Fettyplace*, 7 *Mass.* 325 ; *Golding v. Skinner*, 1 *Pick.* 162 ; *Clark v. Manston*, 5 *Esp.* 239 ; *Lyman v. Knox*, 3 *D. & E.* 67 ; *Hocking v. Cook*, 4 *D. & E.* 314 ; *Smith v. Barker*, 3 *Day*, 312 ; 3 *Stark. Ev.* 1548. The promise too, by the plaintiffs, as proved by *Spear*, is different, in the time of payment, from the promise declared on.

2. The promise was void by the statute of frauds ; being to pay the debt of another, and yet not in writing. *Fell on Guar.* 10 ; *Rowe v. Haugh*, 1 *Salk.* 29 ; *Skelton v. Brewster*, 8 *Johns.* 376 ; *Packard v. Richardson*, 17 *Mass.* 122 ; *Crocker v. Whitney*, 10 *Mass.* 316 ; *Fish v. Hutchinson*, 2 *Wils.* 94. Here also was no consideration moving between the plaintiff and defendants. *Barbour v. Fox*, 1 *Stark. Rep.* 215 ; *Stevens v. Squire*, 5 *Mod.* 205 ; *Tileston v. Nettleton*, 6 *Pick.* 509 ; *Wagoner v. Gray's adm'rs.* 2 *Hen. & Munf.* 611 ; *Roberts on frauds*, 223 ; *Jackson v. Rayner*, 12 *Johns.* 291.

3. *Spear* was improperly admitted as a witness, having a direct interest in the event of the suit. The verdict for the plaintiff will forever discharge him of that debt. *Emerton v. Andrews*, 4 *Mass.* 653 ; 14 *Mass.* 312 ; *Bayley on bills*, 374 ; *Revere v. Leonard*, 1 *Mass.* 93 ; *Commonwealth v. Snell*, 3 *Mass.* 85 ; *Bliss v. Thompson*, 4 *Mass.* 488 ; *Page v. Weeks*, 13 *Mass.* 199.

*Longfellow*, for the plaintiff, cited to the *first* point, 1 *Bos. & Pul.* 98, 101 ; *Dearborn v. Parks*, 5 *Greenl.* 83 ; 3 *Bos. & Pul.*

149 *note*; 1 *Roll's Abr.* 32; *Hardr.* 321; *Cowp.* 442; *Hammond on parties*, p. 8. To the *second* point he cited *Packard v. Richardson*, 17 *Mass.* 122; *Colt v. Root*, *ib.* 229; *Lent v. Padelford*, 10 *Mass.* 230; *Hall v. Marston*, 17 *Mass.* 575; *Arnold v. Lyman*, *ib.* 400.

WESTON J. delivered the opinion of the Court at the ensuing *May* term in *Kennebec*.

It is contended in this case, that there is a variance between the contract declared on, and that proved. The whole consideration moving from *Spear*, the debtor of the plaintiff, viz. the sale of the vessel, is stated, but the whole agreement on the part of the defendants is not set forth. The amount to be paid for the vessel, as agreed between the defendants and *Spear*, was to depend upon what she might produce upon a resale, which was to be made by them. This part of the agreement is not stated in the declaration, but all is stated of which the plaintiff complains, or which appears to be in controversy. Nor is it pretended that the part omitted in any manner varies or qualifies that part of the contract, upon which the plaintiff has declared. Whatever may be the liability of the defendants in respect to other stipulations, unless they succeed upon other grounds of defence, they expressly assumed to pay to the plaintiff the amount of his claim. The variance above alluded to, was the only one suggested at the trial, which is reserved in the report. Another variance has been pointed out in argument, viz. that by the declaration, the defendants were to pay the plaintiff, when the vessel was sold. In the testimony of *Spear* as reported, there is nothing stated as to the time of payment; but the report professes to set forth only so much of the testimony of *Spear* as related to the points reserved, which upon this head were limited to the amount of consideration to be paid for the vessel, and not to the time of payment.

*Mills v. Sherwood*, 8 *East* 7, was an action brought upon the warranty of a horse. The declaration averred, that the defendant warranted the horse to be young, and worth £80. The horse, though young, was proved not to be worth £80. The evidence was, that the defendant warranted it sound and worth £80, and that it

was a young horse, and had never been in harness. It was objected that the evidence did not support the count; but the court decided otherwise. It was there distinctly held that if the plaintiff stated the whole consideration for the promise, which has been done here, it was sufficient if the plaintiff stated those parts of the defendant's promise, the breach of which he complains of, and states those truly, without setting forth other parts of the contract irrelevant to that breach. The same doctrine was held in *Stanwood v. Scovel*, 4 *Pick*. 422. Indeed the whole promise, made by the defendants for the benefit of the plaintiff, is set forth. They made other stipulations for the benefit of *Spear*, in which the plaintiff had no interest. It may be said that if an action may be maintained by the plaintiff, the defendant may also be liable to *Spear*, and thus chargeable in two actions upon one contract. And doubtless this may be the consequence, if it results from their agreement. There can be but one action upon an entire contract, but there may be more than one upon a promise to pay money, or to perform any other duty at successive periods. So if a party upon legal consideration, the purchase of merchandize, for instance, promise or covenant to pay part of the price to *A*, and part to *B*, and part to *C*, the proportions being settled, upon a breach, he is liable to each for his proportion, in which it will be sufficient for each to aver so much of the promise or covenant, as enures to himself.

It is further objected, that the promise is void under the statute of frauds. But we must regard this case as within the principle of *Dearborn v. Parks*, cited in the argument. The defendants promised *Spear*, that they would pay a portion of the purchase money to the plaintiff. It was their debt they stipulated to pay. And the authorities referred to in the case last cited, show that the party, to whom performance is to be made, may have the action. Whether that party is or is not the creditor of him, from whom the consideration moved, is not essential to the liability of him who promises. In most of the cases cited in *Dearborn v. Parks*, the sum stipulated to be paid was a gratuity from him, from whom the consideration moved. But whether it is a gratuity, or whether it is intended to extinguish an antecedent debt, is no concern of him who promises.

Brown *v.* Attwood.

It is sufficient that he has promised, for a valuable consideration, to the person, whom the party paying the consideration thought proper to appoint. When he pays, he pays his own debt, and if it operates also to discharge the debt of another, it does not change the original character of his own engagement. In order to determine whether a promise is conditional or collateral, it is often a decisive criterion, that the party receiving the consideration is held liable ; but the case before us is one where there is a new consideration, between the newly contracting parties.

The interest of the witness, which is the last objection, in the subject in controversy, was exactly balanced. If the plaintiff prevails, his debt to him is extinguished ; if not, his debt to the defendants is extinguished to the same amount.

*Judgment on the verdict.*

Note. In the above case a question arose, as to the taxation of costs, between the plaintiff and the principal defendants ; and another between the plaintiff and the trustee. In relation to the former the facts were these. In the Court of Common Pleas the jury returned a verdict in favor of the plaintiff for $712,28. The defendants appealed ; and in this court the jury gave a verdict for the plaintiff for $697,37. The cause was then continued from *Nov.* term to *May* term, 1831, on a motion for a new trial made by the defendants. Judgment being entered on the verdict for the above sum and interest from *November*, amounting to $720,73, the defendants' counsel moved for their costs since the appeal, according to *Stat.* 1826, *ch.* 347, *sect.* 4 ; and cited 1 *Greenl.* 15 ; 2 *Greenl.* 66, 397.

The Court decided that the defendants were entitled to their costs since the appeal, as by means of such appeal they had obtained a reduction of the damages ; observing that if judgment had been rendered at the same term at which the trial was had, no question could have arisen as to the defendants' title to costs ; and though the motion of the defendants caused the delay of judgment till *May* term, the only penalty they must suffer for this was the payment of interest on the verdict from the time it was returned until the judgment was rendered, leaving the above provision of the

46

statute as to the question of costs, unaffected by the motion and the addition, though such addition increased the sum for which the judgment was entered to more than the amount of the verdict in the Court of Common Pleas.

As to the latter question the facts were these. The trustee lived at *Belfast* in the county of *Waldo*, and there made his disclosure under oath before a justice of the peace for that county, therein expressly charging himself as trustee. The *Stat.* 1821, *ch.* 61 *sect.* 6, provides that when a supposed trustee dwells in any other county than that in which the writ is returnable, he shall not be required to attend court personally, but may, by attorney, declare what goods, effects or credits of the principal he had in his hands at the time of the service of the writ, and offer to submit himself to an examination on oath ; and if the plaintiff shall think proper to examine him on oath, the answers may be sworn to before a justice of the peace of the county where such supposed trustee dwells. In the present instance the trustee never personally attended court, but transmitted his disclosure to his attorney, who presented it to the Court of Common Pleas at the first term. The Justice's fee for taking the disclosure was only one dollar. There is no statute which give costs to a trustee, unless he attends personally at the first term for the purpose of disclosure on oath. The *Stat.* 1828, *ch.* 382 provides that " in all actions where any person or persons shall be summoned as trustee or trustees, such trustee or trustees who shall appear at the first term and disclose, shall be entitled to costs, in the same manner as parties in civil actions who have an issue joined for trial"—and the section further provides that such trustee may deduct, from the money in his hands, the amount of his costs, and pay over the balance to the officer holding the execution.

The Court observed that after the trustee in this case had charged himself by his disclosure and transmitted it to court, or carried it there, he had nothing more to do ; his presence there in person or by attorney was wholly useless. No judgment was to be rendered for the costs ; he was to pay himself—and even if the plaintiff had failed in his action against the principals, there was no provis-

ion for a judgment and execution for the trustee's costs. And they were clearly of opinion that the trustee could not, in justice, be entitled to anything more for his services in transmitting his disclosure to court, than his constructive travel of forty miles—three days attendance—attorney's fee, and the one dollar charged for the disclosure.